1

2

3

4

5

6

7                **UNITED STATES DISTRICT COURT**

8                **EASTERN DISTRICT OF CALIFORNIA**

9

10

| | |
|---|---|
| SAMUEL JAY MILES, | ) Case No. 1:11-cv-00541-BAM |
|         Petitioner, | ) ORDER DISMISSING THE PETITION FOR ) PETITIONER'S FAILURE TO EXHAUST ) ADMINISTRATIVE REMEDIES (Doc. 1) |
|    v. | ) ) ORDER DIRECTING THE CLERK TO CLOSE ) THE CASE |
| J. RIOS, Warden, | ) ) |
|        Respondent. | ) ) |

17

18     Petitioner is a federal prisoner proceeding pro se and in forma

19 pauperis with a petition for writ of habeas corpus pursuant to 28

20 U.S.C. § 2241.  Pursuant to 28 U.S.C. 636(c)(1), the parties have

21 consented to the jurisdiction of the United States Magistrate Judge

22 to conduct all further proceedings in the case, including the entry

23 of final judgment, by manifesting their consent in writings signed

24 by the parties or their representatives and filed by Petitioner on

25 April 18, 2011, and on behalf of Respondent on August 29, 2011.

26     Pending before the Court is the petition, which was filed on

27 March 31, 2011.  Respondent filed an answer to the petition with

28

supporting documentation on June 16, 2011.  Although the time for filing a traverse has passed, no traverse was filed.

   I.   Jurisdiction

   Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

   Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Although a federal prisoner who challenges the validity of constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).  A district court has subject matter jurisdiction pursuant to § 2241 over a claim concerning a prisoner's entitlement to time credit on his sentence because such a challenge is to the manner in which the sentence is being executed.  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991).

   Here, Petitioner claims entitlement to credit on his sentence for time spent serving a state sentence.  Accordingly, the Court has subject matter jurisdiction of the petition.

   A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the

2

1  petitioner's custodian.  <u>Brown v. United States</u>, 610 F.2d 672, 677

2  (9th Cir. 1990).  The warden of the penitentiary where a prisoner is

3  confined constitutes the custodian who must be named in the

4  petition, and the petition must be filed in the district of

5  confinement.  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 446-47 (2004).

6      Petitioner has named as Respondent the warden of his

7  institution of confinement, which is located within this judicial

8  district.

9      Accordingly, the Court has jurisdiction over the person of the

10  Respondent.

11      II.  <u>Background</u>

12      The facts relating to Petitioner's custody and credit are

13  undisputed and are set forth in the declaration of J. Scott Farr, a

14  management analyst for the Federal Bureau of Prisons (BOP) who

15  prepared his declaration based on a review of records maintained in

16  the BOP's ordinary course of business.  (Decl. of Farr, doc. 11-1,

17  ¶ 1.)

18      Petitioner, who was on state parole, was arrested by state

19  authorities on November 19, 2007, and a parole hold was placed

20  against him for a violation of parole.  (Decl. ¶ 3; doc. 11-1, 8.)

21  On December 7, 2007, California's Board of Parole Hearings (BPH)

22  revoked Petitioner's parole, directed that he be returned to custody

23  for twelve (12) months, and set a revocation release date of October

24  30, 2008.  (Decl., ¶ 4; doc. 11-1, 8.)

25      On January 23, 2008, at a time that Petitioner's chronological

26  history indicates that Petitioner remained in state custody, the

27  Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed a

28  federal arrest warrant associated with a federal charge committed on

3

November 19, 2007, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Decl., ¶ 5; doc. 11-1, 8, 11, 18.)  Thereafter, records of the United States Marshals Service (USMS) reflect that Petitioner was confined at the Fresno County Jail as a federal boarder, but he was later transferred to a state prison on a state parole hold without notification to the USMS.  (Decl., ¶ 5; doc. 11-1, 8, 20-21.)

On February 15, 2008, Petitioner was granted a second hearing before the BPH, which resulted in a revocation of Petitioner's parole for eleven (11) months, with a new revocation release date of October 14, 2008.  (Decl., ¶ 6; doc. 11-1, 8.)   The new revocation release date was about eleven months after Petitioner's parole was suspended and Petitioner was arrested.

On April 8, 2008, Petitioner was transferred to the Wasco State Prison for service of his term for the parole violation.  (Decl., ¶ 7; doc. 11-1, 8.)

On April 23, 2008, Petitioner was transferred to the custody of the USMS pursuant to a writ of habeas corpus ad prosequendum and was recorded as "OTC" or out to court.  (Decl., ¶ 7; doc. 11-1, 8, 20.)

On June 16, 2008, after Petitioner pled guilty to the federal charge of being a felon in possession of a firearm, Petitioner was sentenced in the United States District Court for the Eastern District of California to a term of sixty-three (63) months in prison, which was expressly ordered to run consecutively to any other sentence that the Petitioner had been serving.  Petitioner was remanded to the custody of the USMS.  (Decl., ¶ 8; doc. 11-1, 11-12.)

4

1   On July 10, 2008, Petitioner was returned from being out to
2   court on the federal case to complete his term for the state parole
3   violation. (Decl., ¶ 9; doc. 11-1, 8.) On September 25, 2008, the
4   state of California was notified by the USMS that Petitioner was
5   wanted on federal charges. (Id.)

6   On October 14, 2008, Petitioner completed his state parole
7   violation term and was held by state authorities pursuant to the
8   USMS detainer until October 16, 2008, when he was transferred to
9   federal custody to serve his federal sentence. (Decl., ¶ 10; doc.
10  11-1, 20-21.)

11  Petitioner's sentence was computed to begin on October 14,
12  2008, the date he completed his state sentence; Petitioner was
13  awarded no prior custody credit for the time he served from November
14  19, 2007, through October 13, 2008, because this time had been
15  credited to his state sentence. Under this computation, with credit
16  for good conduct time earned and projected, Petitioner's projected
17  release date is June 16, 2013. (Decl., ¶ 11; doc. 11-1, 23-24.)

18  III. Failure to Exhaust Administrative Remedies

19  Respondent argues that the petition should be dismissed because
20  Petitioner failed to exhaust his administrative remedies.

21  Farr declares that there is an administrative remedy program
22  available in the system that permits complaints concerning most
23  aspects of confinement; it requires presentation of the complaint to
24  the institution staff (BP-9's) first, then to the regional director
25  (BP-10's), and finally to the General Counsel in the Central Office
26  of the Bureau of Prisons (BP-11's.) (Decl., ¶ 13.) Farr reviewed
27  the administrative remedy log for Petitioner that is maintained on
28  the SENTRY computer system, which is a national database including

5

all administrative grievance filings made by inmates incarcerated in
BOP facilities.  Farr observed that Petitioner had not filed any
administrative remedies at any level regarding any issue, including
any challenge to his sentence computation.  (Id. at 14-16.)

As a "prudential matter," federal prisoners are generally
required to exhaust available administrative remedies before
bringing a habeas petition pursuant to 28 U.S.C. § 2241.  Huang v.
Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting Castro-Cortez
v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); Martinez v. Roberts,
804 F.2d 570, 571 (9th Cir. 1986).  The exhaustion requirement
applicable to petitions brought pursuant to § 2241 is judicially
created and is not a statutory requirement; thus, a failure to
exhaust does not deprive a court of jurisdiction over the
controversy.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990),
overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55
(1995).  If a petitioner has not properly exhausted his or her
claims, a district court in its discretion may either excuse the
faulty exhaustion and reach the merits, or require the petitioner to
exhaust his administrative remedies before proceeding in court.
Brown v. Rison, 895 F.2d 533, 535.  Exhaustion may be excused if the
administrative remedy is inadequate, ineffective, or if attempting
to exhaust would be futile or would cause irreparable injury.
Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.
1993); United Farm Workers of America v. Arizona Agr. Emp. Rel. Bd.,
669 F.2d 1249, 1253 (9th Cir. 1982).  Factors weighing in favor of
requiring exhaustion include whether 1) agency expertise makes
agency consideration necessary to generate a proper record and reach
a proper decision; 2) relaxation of the requirement would encourage

6

the deliberate bypass of the administrative scheme; and 3)

administrative review is likely to allow the agency to correct its

own mistakes and to preclude the need for judicial review.  Noriega-

Lopez v. Ashcroft, 335 F.3d 874, 880-81 (9th Cir. 2003) (citing

Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)).

Further, as Respondent notes, an administrative remedy is

available to allow inmates to seek formal review of an issue

relating to any aspect of confinement.  28 C.F.R. § 542.10(a) (July

1, 2008).  The program applies to all inmates in institutions

operated by the BOP.  28 C.F.R. § 542.10(b).  The procedure requires

an attempt at informal resolution followed by presentation to

institution staff, the regional director, and finally to the general

counsel in the central office of the BOP.  See, 28 C.F.R. §§ 542.10

through 542.15.

Here, it is undisputed that Petitioner failed to attempt to

exhaust his administrative remedies.  It is unclear whether resort

to the administrative remedy was necessary in order to generate an

adequate record and reach a proper decision.  It is nevertheless

clear that the BOP has considerable expertise with respect to

sentencing calculations.  It is likely that relaxation of the

exhaustion requirement would encourage deliberate bypass of the

administrative scheme.  Further, bypass of the administrative remedy

would preclude an opportunity for the BOP to correct its own

mistakes and effectively obviate the need for judicial review in the

first instance.  Petitioner has failed to set forth any explanation

or justification for his failure to employ the administrative

remedy.  The record does not suggest any basis for a finding that

resort to the administrative remedy would be inadequate, ineffective, futile, or productive of irreparable injury.

Therefore, the Court exercises its discretion to dismiss the petition because of Petitioner's failure to exhaust his administrative remedy.

IV.   Disposition

Accordingly, it is ORDERED that:

1)   The petition is DISMISSED for Petitioner's failure to exhaust his administrative remedies; and

2)   The Clerk is DIRECTED to close the case because this order of dismissal terminates the case in its entirety.

IT IS SO ORDERED.

Dated:   __May 22, 2013__          __/s/ Barbara A. McAuliffe__
                                   UNITED STATES MAGISTRATE JUDGE

8